UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Moses Fuchs | Civil Action No: 1:21-cv-4030 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| -v.- | |
| Radius Global Solutions LLC | |
| Defendant. | |

Plaintiff Moses Fuchs (hereinafter, "Plaintiff"), brings this Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendant Radius Global Solutions LLC (hereinafter "Defendant" or "Radius"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

4.      Plaintiff is a resident of the State of New York, County of Kings.

1

5.      Plaintiff is a natural person allegedly obligated to pay a debt.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7.      Defendant Radius Global Solutions LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 7831 Glenroy Road, Suite 250, Minneapolis, MN 55439 and an address for service of process via its registered agent at CT Corporation System, 28 Liberty Street, New York, NY 10005.

8.      Upon information and belief, Defendant Radius is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

9.      Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

10.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b),

Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

11.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

13.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

15.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA

if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of

if the communication "would make the least sophisticated consumer uncertain as to her rights."

*Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

16.     The FDCPA is a strict liability statute, and a debt collector's intent may only be

considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*,

591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability my only be

considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63

(2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt

collector. *Id*.

## FACTUAL ALLEGATIONS

17.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered above herein with the same force and effect as if the same were set forth at length

herein.

18.     Some time prior to July 21, 2020, an obligation was allegedly incurred to US Bank

National Association.

19.     The US Bank National Association obligation arose out of a transaction in which

money, property, insurance or services which were the subject of the transactions were primarily

for personal, family or household purposes.

20.     The alleged US Bank National Association obligation is a "debt" as defined by 15

U.S.C. §1692a(5).

21.     US Bank National Association is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22.     US Bank National Association assigned and/or sold the account to Defendant Radius

to collect the alleged debt.

4

23.     Defendant Radius collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

24.     On or about July 21, 2020, Defendant Radius sent Plaintiff a debt collection letter (the "Letter") regarding the alleged debt owed to US Bank National Association. **See Exhibit A**.

25.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

26.     The Letter was received and read by Plaintiff.

27.     15 U.S.C. § 1692g requires a debt collector within five days of an initial communication to provide the consumer with a written validation notice, known as a "G-Notice", which must include the following information:

1)   the amount of the debt;

2)   the name of the creditor to whom the debt is owed;

3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address

of the original creditor, if different from the current creditor. 15 U.S.C. §

1692g(a).

28.   The Letter provides an itemization of the debt as follows:

     Total Amount Due as of Charge-Off: $26,178.10
     Total Amount of Interest Accrued Since Charge-Off: $0.00
     Total amount of Non-Interest Charges or Fees Accrued Since Charge-Off: $557.00
     Total of Payments Made Since Charge-Off: $0.00

29.   Upon information and belief, the amount due at charge-off included principal, interest and charges and fees due on the alleged debt.

30.   Upon information and belief, Defendant seeks to collect unauthorized charges or fees accrued since charge off that are not allowed for in the credit agreement between Plaintiff and the original creditor.

31.   Upon information and belief, Defendant is not permitted by law to include charges or fees after charge off.

32.   In addition, the inclusion of post charge-off charges or fees, leaves open the possibility that these mysterious charges or fees could increase to an even greater amount for the same unknown reason they were originally added.

33.   Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the amount of his obligation is static or dynamic.

34.   Plaintiff has been misled as to what the accurate balance is and whether additional interest and fees will be added so that her balance continues to increase.

35.   Defendant is required to advise the debtor "what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase". *Carlin v. Davidson Fink LLP*, 842 F.3d 207, 216 (2d Cir. 2017).

36.    The Letter is misleading because Plaintiff could not accurately determine what amount was needed to satisfy the debt.

37.    If Plaintiff pays the Current Balance stated on the notice, he does not know whether the debt has been paid in full.

38.    Defendant could still seek the stated additional charges or fees since charge-off, or Defendant may even seek to collect additional charges or fees post charge-off from that which was included in the Letter.

39.    Plaintiff was left confused regarding the actual status of his balance due and owing and what additional charges may or may not be forthcoming.

40.    The deceptive, confusing deceptive, false and misleading itemization of the current balance renders the spirit of the G-Notice ineffective and completely overshadows same.

41.    Plaintiff was concerned and confused by the Letter and was therefore unable to evaluate his options of how to handle this debt.

42.    The Letter is therefore false, misleading, unfair, illegal, unconscionable, and deceptive.

43.    Plaintiff would have pursued a different course of action were it not for Defendant's violations.

44.    Because of the Letter, Plaintiff expended time, money, and effort in determining the proper course of action.

45.    In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

46.    The violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

47. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

48. As a result of the Defendant's deceptive misleading and false debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

49. Plaintiff repeats the above allegations as if set forth here.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

51. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Defendant violated §1692e:

1) As the letter falsely represents the true amount of the debt in violation of §1692e(2);

2) by making a false and misleading representation in violation of §1692e(10).

53. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*

54. Plaintiff repeats the above allegations as if set forth here.

55.   Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

56.   Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

57.   Defendant violated this section by unfairly misrepresenting Plaintiff's rights and misleading Plaintiff as to the proper course of action.

58.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, et *seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

59.   Plaintiff repeats the above allegations as if set forth here.

60.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

61.   Pursuant to 15 U.S.C. § 1692g:

62.   Pursuant to 15 U.S.C. §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt

63.   Defendant violated 15 U.S.C. §1692g by falsely representing the true amount of the debt and whether it is static or dynamic despite implications in the letter both ways.

64.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

65.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Moses Fuchs, demands judgment from Defendant Radius as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)  For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)  For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

e)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Flushing, New York
       July 16, 2021

*/s/ Uri Horowitz*
By: Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
*Attorneys For Plaintiff*

10